(October 23, 2003)

■ PARKVIEW RESTAURANT GROUP-NY, LLC, et al., Appellants, v WWF NEW YORK, INC., et al., Respondents. [766 NYS2d 31] —Order, Supreme Court, New York County (Richard Braun, J.), entered March 13, 2002, granting defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), unanimously reversed, on the law, with costs and disbursements, the motion denied and the complaint reinstated.

Plaintiffs Parkview Restaurant Group-NY, LLC, and Robert Gries, a managing member of Parkview, are the recipients of a sublicense from defendants WWF New York, Inc. (WWF New York) and World Wrestling Federation Entertainment, Inc. (WWF Entertainment) (collectively, WWF) to operate a theme restaurant in the City of New York using the trademark World Wrestling Federation. In connection with the restaurant's operations, plaintiff Parkview entered into a distributorship agreement, dated November 1, 1999, with DiCarlo Distribu-

tors, Inc. pursuant to which DiCarlo became the restaurant's primary food distributor. The distributorship agreement was to continue for a term through and including October 31, 2002, although either party, upon 60 days prior notice, could terminate the agreement any time after November 30, 2000. Plaintiff was to earn a 1% discount for prompt payment of invoices and purchases of high volume. In accordance with the terms and conditions of the distributorship agreement, DiCarlo advanced $100,000 to plaintiff, as evidenced by a promissory note annexed as an exhibit to the distributorship agreement, the payment of which plaintiff Gries guaranteed. Subsequently, pursuant to an asset purchase agreement and an assignment and assumption agreement, dated May 3, 2000, defendant WWF New York purchased and assumed some of Parkview's assets and liabilities. WWF New York assumed plaintiff's distributorship agreement with DiCarlo in its entirety, expressly accepting, under section 1.3 and schedule 1.3 of the asset purchase agreement, plaintiff's obligations under the distributorship agreement. In addition, WWF New York expressly agreed to indemnify and hold plaintiff harmless from any liability or obligation assumed by WWF New York. WWF Entertainment unconditionally guaranteed the full and prompt payment of all of WWF New York's obligations to plaintiff. During the negotiations with WWF leading to the asset purchase agreement, Gries agreed to reduce the sales price by the amount of the then outstanding balance on DiCarlo's advance to Parkview. A worksheet reflecting that balance was exchanged between the parties. Sometime after the closing of the asset purchase agreement and WWF's takeover of the restaurant operation, WWF ceased its performance under the distributorship agreement, resulting in the commencement of an action by DiCarlo against plaintiffs on the note and Gries's guaranty. DiCarlo moved for summary judgment and plaintiffs, defendants therein, cross-moved to implead WWF as a third-party defendant, seeking indemnification in accordance with the terms of the asset purchase agreement. The cross motion was denied and summary judgment in favor of DiCarlo was granted against plaintiffs on the note and guarantee.

Plaintiffs thereupon commenced this action seeking indemnification from WWF based on their assumption of plaintiff's obligations, including payment of the $100,000 note, under the distribution agreement. WWF moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) (documentary evidence) and (7) (failure to state a cause of action). Supreme Court granted the motion pursuant to CPLR 3211 (a) (1), finding that there was no assumption of the obligations under the note and guaranty

in the asset purchase agreement and assignment and assumption agreement. In so deciding, the court stressed the lack of any mention of these documents in section 1.3 and attachment to schedule 1.3 of the assignment and assumption agreement. We reverse.

The documentary evidence submitted on the motion demonstrated, sufficiently to defeat the dismissal motion, that the distributorship agreement in its entirety was a liability of plaintiff expressly assumed by WWF under the asset purchase agreement. In section. 1.3 thereof, WWF New York expressly assumed the liabilities and obligations of plaintiff as set forth in schedule 1.3, which listed as "Assumed Liabilities" the contracts listed on its attachment 1, which in turn included the distributorship agreement between plaintiff and DiCarlo. That the note and guaranty were not listed on attachment 1 is of no moment, contrary to WWF's argument, since neither created the underlying debt insofar as the promise to repay the $100,000 reflected in the distributorship agreement is concerned. The note and guaranty merely evidence the underlying debt created by the distributorship agreement. That distinction was explicitly recognized by the distributorship agreement, itself, which provided, "Upon execution of this Agreement, DiCarlo shall advance the sum of $100,000 to Parkview which shall be evidenced by a promissory note."

Furthermore, Supreme Court also erred in refusing to consider plaintiffs' offer of proof, i.e., an affidavit by plaintiff Gries, to show that WWF received the benefit of its assumption of the DiCarlo liability by a reduction in the purchase price of the assets being purchased. The court refused the offer on the ground it constituted an effort to vary the terms of the asset purchase agreement. This was error. Gries's affidavit did not attempt to vary the terms of the agreement by reference to extrinsic evidence. Instead, it sought to explain the unexplained "Assumed Liabilities" (schedule 1.3) of the asset purchase agreement (*see Gonzalez v Don King Prods.*, 17 F Supp 2d 313 [SD NY 1998]). Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.